UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DEBRA A. HENDERSON                 CIVIL ACTION NO. 08-cv-0677

VERSUS

U.S. COMMISSIONER SOCIAL         MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

Debra Ann Henderson ("Plaintiff") was employed for more than 15 years by the Vivian Police Department. Her primary duty was as a dispatcher, but she also performed some other tasks. Her employment was terminated after a new chief of police took office. Plaintiff later had a nervous breakdown and began to complain of headaches, fatigue, anemia, and other problems. By the time of her hearing before ALJ Charles Lindsay, Plaintiff was no longer receiving mental health treatment, but her family practitioner did prescribe medication for a mood disorder.

The ALJ analyzed the claim under the five-step sequential analysis. He found at step one that Plaintiff had not engaged in substantial gainful activity during the relevant times. At step two, he did not find a severe mental impairment but did find the following severe impairments: obesity, history of diabetes mellitus, history of anemia, and mood disorder. He noted with respect to the diabetes that Plaintiff's readings had been "within normal limits" and that she did not list any medication for that problem. Her anemia had never required a transfusion, and it was reported as stable in 2005. A treating physician had noted

that Plaintiff had degenerative disk disease, but there was no objective diagnostic evidence in support. And there was also no evidence of abnormal gait, limited range of motion, or need for prescription pain medication. The treating physician noted that Plaintiff had fibromyalgia, but her sedimentation rate was normal, and there was no mention of tender points or trigger points. He found at step three that Plaintiff's impairments did not meet or equal a listing.

After reviewing the testimony and medical evidence, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work activity, with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps/stairs (but not ladders, ropes, or scaffolds), and the ability to frequently handle and finger. He also assessed a moderate limitation in the ability to understand, remember and carry out detailed job instructions, maintain attention and concentration for extended periods, interact appropriately with the public and co-workers, and set goals independently of others. Tr. 26-27.

Step four asks whether the claimant can perform her past relevant work either as she actually performed it or as the work is generally performed in the national economy. See Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). Plaintiff testified that she worked as a dispatcher, but she was "also the jailer whenever we had prisoners" and operated the intoxilyzer for DWI investigations. Tr. 40-41. A vocational expert (VE) testified at the hearing and characterized the past work as a police dispatcher as sedentary and the work of jailer as medium. The ALJ posed hypothetical questions about whether persons with certain

limitations, encompassing Plaintiff's RFC, could perform the job of a police dispatcher. The VE answered that such person could perform the dispatcher job. The ALJ did not ask the VE if the person could perform the medium work demands of the job of jailer. Tr. 62-63. In his written decision, the ALJ determined at step four that Plaintiff was not disabled because the VE's testimony showed that Plaintiff could perform her past relevant work as a police dispatcher/jailer. Tr. 28-29.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Composite Job**

Plaintiff's first issue on appeal is that there is no counterpart in the DOT for her composite job as a dispatcher and jailer, and it is inappropriate to find that she is capable of performing her past relevant work when she could only perform part of her former job. See Roberts v. Astrue, 2009 WL 722550, *3 (M.D. Fla. 2009) (an ALJ may not separate a composite job into two jobs and fail to focus on all the demands of the composite job).

The court need not grapple with the ramifications of the composite job issue at step four because the ALJ made an alternative finding, based on further testimony from the VE, that Plaintiff could also perform jobs such as service dispatcher, taxi cab dispatcher, cashier II, telephone information clerk, and document preparer, all of which exist in significant numbers in the economy. Tr. 29, 63-67. The job of dispatcher could also be added to that list. If there is substantial evidence to support the ALJ's alternative step five resolution of the claim, there is no basis for reversal other than a desire to achieve procedural perfection at step four, which is not required. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ("Procedural perfection in administrative proceedings is not required.") and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case).

FCE Report

Plaintiff's second issue on appeal relates to a functional capacity evaluation report by Steve Allison of Tri-State Physical Therapy. Plaintiff's counsel states that he does not

request such a report (which now costs $350) if he believes he will prevail before the ALJ, but he incurs the expense if the ALJ denies the claim. Plaintiff did so in this case and presented the therapist's report to the agency for the first time when the case was before the Appeals Council. The Council stated that it considered the report, which was admitted into the record, "but found that this information does not provide a basis for changing the "Administrative Law Judge's decision." Tr. 2-3.

An ALJ's decision, like that of a trial judge, ordinarily includes a thorough review of all of the relevant evidence. On the other hand, the Appeals Council has an extraordinarily heavy caseload that likely permits scant time for individual appellate review of a case, and seldom does the Council write more than a line or two of text that is specific to the case before it. Thus, the strategy employed by Plaintiff's counsel may risk missing out on what is probably the best chance to present the evidence to a decision-maker who will afford the evidence full consideration.

In any event, Plaintiff argues that this court should now remand to the ALJ for consideration of the report that Petitioner intentionally delayed ordering until after the adverse decision. She cites the new and material evidence/good cause standard found in 42 U.S.C. § 405(g). Plaintiff cites a decision of this court from 2000, which cited a case from another circuit for the application of such a rule when evidence is presented for the first time before the Appeals Council. Since then, however, the Fifth Circuit has held in Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005) that when evidence is submitted for the first time to the Appeals Council, the evidence is accepted and considered, and review

is denied, the district court should consider and address the new evidence as part of the record when it determines whether substantial evidence supports the final agency decision.

The VE testified that all jobs would probably be eliminated if a person needed to take two extra breaks each day (beyond two breaks ordinarily afforded). Tr. 67-68. Plaintiff argues that the Tri-State report, in the findings regarding sitting, standing, walking, and carrying, establishes that Plaintiff would require those extra breaks. The Tri-State report concludes that, although the severity of the symptoms reported by Plaintiff was generally unreliable and disproportionate to her actual functional loss, she was capable of performing full-time work activity in the sedentary to light level. In the chart referenced by Plaintiff, Mr. Allison noted that Plaintiff would generally need to stand and walk for 20 minutes each hour, sit for 20 minutes each hour, and should limit her walking on unlevel terrain and stairs. Tr. 7-10. Those findings do not make it clear that extra breaks would be required, and they certainly do not present such compelling evidence on that point as to deprive the ALJ's otherwise supported decision of substantial evidence.[1] Accordingly, the Commissioner's decision will be affirmed.

---

[1] Even if the good cause standard were applicable, Plaintiff does not satisfy it. Plaintiff could have hired Mr. Allison to render a report for Plaintiff before the ALJ hearing, but Plaintiff chose to wait and see how things turned out at the hearing. That is not good cause sufficient to remand this case and subject other claimants to the delay that would be occasioned by adding this case back into the busy administrative system.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE